F1QSMITP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          13 CR 633 (PAE)

MATTHEW MITROW,

               Defendant.

------------------------------x

                                  New York, N.Y.
                                  January 26, 2015
                                  11:45 a.m.


Before:

               HON. PAUL A. ENGELMAYER,

                                  District Judge


                        APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
STANLEY J. OKULA
     Assistant United States Attorney

MOSKOWITZ & BOOK, LLP
     Attorneys for Defendant
BY:  AVI MOSKOWITZ

F1QSMITP

```
 1                (Case called)

 2                THE COURT:  Good morning.  Before proceeding here, I

 3     note that there is to be a superseding information which the

 4     defendant is to plead to.  Do we have a waiver of indictment

 5     form?

 6                MR. OKULA:  We do.  I have two executed waiver forms

 7     both of which were signed by the defendant and defense counsel.

 8     I am handing them up to your Honor's law clerk right now.

 9                THE COURT:  Thank you.  I understand we have a

10     photocopy of the original signed plea agreement, but which you

11     have originally, in effect, resigned and reinitialed today,

12     that because the original is in snowbound DC?

13                MR. OKULA:  That is correct, your Honor.  If I could

14     just specify, the original plea agreement was signed in

15     counterpart due to the geographical difference of the parties,

16     but the one that has the two counterpart original signatures is

17     with Mr. Young in Washington, DC.  What I suggested to

18     Mr. Moskowitz and the defendant and we all agreed to do was

19     essentially we took the copy, which we had previously provided

20     through Mr. Young to the court last week, and initialed simply

21     the signatures that were previously affixed to it as

22     essentially making it a new original document. I would be happy

23     to hand it up, if your Honor wants.

24                THE COURT:  Why don't you do that.  That would be

25     great.  That's a good approach.
```

F1QSMITP

1           MR. OKULA:  Your Honor, may I note just one more thing

2      before we get started?  Just in scanning the elements document

3      that was submitted to the court, I saw that there was omitted

4      from the statutory elements one that is included in the plea

5      agreement, that is the cost of prosecution mandatory component

6      of a Title 26 plea; here, the subscribing to false return.  It

7      is more theoretical than real here in a plea case, but

8      nevertheless, it has to be listed as one of elements.

9           THE COURT:  Not an element, but a penalty.

10          MR. OKULA:  A penalty.  I apologize.  Yes, a penalty.

11          THE COURT:  Thank you.  I appreciate you doing that.

12          I am going to mark as Government Exhibit 1 the plea

13     agreement bearing at least the original initials of the

14     parties.  I will turn to it when we get to that point in the

15     plea proceedings.  Thank you, everyone.

16          Again, before I get started with the substance, thanks

17     to everyone for accommodating my chambers request to move this

18     earlier.  It is for good reason.

19          Mr. Moskowitz, I have been informed that your client

20     wishes to plead guilty to Count One of a superseding

21     information as (S1) 13 CR 633 in this case, is that correct.

22          MR. MOSKOWITZ:  That's correct, your Honor.

23          THE COURT:  Mr. Mitrow, is that correct that you

24     intend to plea guilty to that count?

25          THE DEFENDANT:  That's correct, your Honor.

F1QSMITP

1          THE COURT:  Very good.

2          Before accepting your guilty plea, I am going to ask

3     you certain questions so that I can establish to my

4     satisfaction that you wish to plead guilty because you are

5     guilty and not for some other reason.  If you don't understand

6     any of my questions or you would like further opportunity to

7     consult with your attorney, will you please let me know?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Are you able to speak and understand

10    English?

11          THE DEFENDANT:   Yes, your Honor.

12          THE COURT:  I am to now going to place you under oath.

13    Please rise for this purpose.

14          (Defendant sworn)

15          THE COURT:  Do you understand, Mr. Mitrow, that you

16    are now under oath and that if you answer any of my questions

17    falsely, your answers to my questions may be used against you

18    in another prosecution for perjury?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  What is your full name?

21          THE DEFENDANT:  Matthew John Mitrow.

22          THE COURT:  How old are you?

23          THE DEFENDANT:  42.

24          THE COURT:  How far did you go in school?

25          THE DEFENDANT:  Up until the 11th grade.

F1QSMITP

1          THE COURT:  Where was that?

2          THE DEFENDANT:  That was in Scotch Plains, New Jersey.

3          THE COURT:  Have you ever been treated or hospitalized

4   for any mental illness?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Are you now or are have you recently been

7   under the care of a doctor or a hospital or a psychiatrist?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Tell me about that.

10         THE DEFENDANT:  Psychiatrist.

11         THE COURT:  When have you been under a psychiatrist's

12   care?

13         THE DEFENDANT:  Since I was diagnosed with ADD and

14   dyslexia since I was 18 years old for mostly management of

15   medication.

16         THE COURT:  Has that been roughly continuous treatment

17   since age 18?

18         THE DEFENDANT:  It was.

19         THE COURT:  Are there any other medications you're on

20   for ADD?

21         THE DEFENDANT:  One medication.

22         THE COURT:  What is that?

23         THE DEFENDANT:  It is Wellbutrin XL, 300 milligrams.

24         THE COURT:  When did you last take that?

25         THE DEFENDANT:  This morning.

F1QSMITP

1          THE COURT:  What effect does it have on you?

2          THE DEFENDANT:  It helps me pay attention and read a

3     little bit better.

4          THE COURT:  All of which is a good thing for these

5     proceedings.

6          THE DEFENDANT:  Indeed.

7          THE COURT:  Does it have any negative effect on you?

8          THE DEFENDANT:  None whatsoever, your Honor.

9          THE COURT:  Does it affect in any way your ability to

10     speak clearly?

11          THE DEFENDANT:  No.

12          THE COURT:  Does it affect in any way hurt your

13     ability to comprehensively -- it sounds like it does

14     positively -- does it in any way hurt your ability to

15     understand what is going on here?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  Putting aside the Wellbutrin and the care

18     of the psychiatrist, have you ever been hospitalized or treated

19     for addiction to any drugs or alcohol?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Again, putting aside those things, have

22     you in the past 24 hours taken any drugs, medicine, or pills,

23     or drunk any alcoholic beverages?

24          THE DEFENDANT:  No, your Honor.

25          THE COURT:  Is your mind clear today?

F1QSMITP

1          THE DEFENDANT:  Yes, it is, your Honor.

2          THE COURT:  Do you understand what is happening in

3    this proceeding?

4          THE DEFENDANT:  Yes, I do, your Honor.

5          THE COURT:  Mr. Moskowitz, do you have any doubt about

6    your client's competency to plead at this time?

7          MR. MOSKOWITZ:  No, your Honor.

8          THE COURT:  How about you, Mr. Okula?

9          MR. OKULA:  No, your Honor.

10         THE COURT:  Based on Mr. Mitrow's response to my

11   questions and his demeanor as he appears before me, I find that

12   he is competent to enter a plea of guilty at this time.  His

13   answers have been extremely responsive and clear, and I note

14   that counsel share that sentiment.

15         Have you had a sufficient opportunity to discuss your

16   case with your attorney?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Have you had a sufficient opportunity to

19   discuss the charge to which you intend to plead guilty, any

20   possible defenses to that charge, and the consequences of

21   entering a plea of guilty?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Are you satisfied with your attorney's

24   representation of you, including your attorney's representation

25   in connection with reaching a plea?

F1QSMITP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  I am now going to explain certain

3   constitutional rights you have.  You will be giving up these

4   rights if you enter a plea of guilty.  Under the Constitution

5   and laws of the United States, you are entitled a speedy and a

6   public trial by a jury on the charges contained in the

7   information.  Do you understand that?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  At that trial, you would be presumed to be

10   innocent and the government would be required to prove you

11   guilty by competent evidence and beyond a reasonable doubt

12   before you could be found guilty, you would not have to prove

13   that you were innocent, and a jury of 12 people would have to

14   agree unanimously that you were guilty.  Do you understand

15   that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  At that trial, and at every stage of your

18   case, you would be entitled to be represented by an attorney,

19   and if you could not afford one, one would be appointed to

20   represent you free of charge.  Do you understand?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  During the trial, the witnesses for the

23   government would have to come to court and testify in your

24   presence and your lawyer could cross-examine the witnesses for

25   the government, object to evidence offered by the government,

F1QSMITP

1    and if you desire, issue subpoenas, offer evidence, and compel

2    witnesses to testify on your behalf.  Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  At a trial, although you would have the

5    right to testify if you chose to do so, you would also have the

6    right not to testify, and no inference or suggestion of guilty

7    could be drawn from the fact that you did not testify, if that

8    was what you chose to do.  Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  At trial, the government would have to

11   prove each and every part or element of the charge beyond a

12   reasonable doubt for you to be convicted of that charge.  Do

13   you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Do you understand that if you were

16   convicted at a trial, you would have to the right to appeal

17   that verdict?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Even at this time, right now, even as you

20   are in the process of entering this guilty plea, you have the

21   right to change your mind, plead not guilty, and go to trial.

22   Do you understand that?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  If you plead guilty and I accept your

25   plea, you will give up your right to a trial and the other

F1QSMITP

1    rights that I have just described.  There will be no trial and

2    I will enter a judgment of guilty and sentence you on the basis

3    of your guilty plea.  After considering the submissions

4    relating to sentencing that I receive from you and your lawyer,

5    from the government, as well as a presentence report prepared

6    by the probation department.  Do you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  If you plead guilty, you will also give up

9    your right not to incriminate yourself, because I will ask you

10   questions about what you did in order to satisfy myself that

11   you are guilty as charged.  Do you understand that?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Now, the document which contains the

14   charge to which you have indicated you wish to plead guilty is

15   called an information.  It has been issued by the United States

16   Attorney.  It is a serious crime and you have a constitutional

17   right to require the government to present evidence to a grand

18   jury which may or may not vote to charge you with this crime.

19   Do you understand what a grand jury is?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  If the grand jury did vote to charge you

22   with this crime, the charge would be contained in a document

23   called an indictment rather than an information and an

24   indictment would be signed by the United States Attorney and

25   the grand jury foreperson.  Do you understand that?

F1QSMITP

| | |
|---|---|
| 1 | THE DEFENDANT:  Yes, your Honor. |
| 2 | THE COURT:  Do you wish to give up your right to be |
| 3 | charged by a grand jury? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  Counsel have handed up two copies of a |
| 6 | waiver of indictment form.  Mr. Moskowitz, is this your |
| 7 | signature on the form dated today? |
| 8 | MR. MOSKOWITZ:  Yes, your Honor. |
| 9 | THE COURT:  Mr. Mitrow, is it your signature on the |
| 10 | form? |
| 11 | THE DEFENDANT:  Yes, your Honor. |
| 12 | THE COURT:  When you signed this form, did you |
| 13 | understand that you were acknowledging your willingness to give |
| 14 | up your right to be indicted by a grand jury? |
| 15 | THE DEFENDANT:  Yes, your Honor. |
| 16 | THE COURT:  I find a knowing and voluntary waiver of |
| 17 | Mr. Mitrow's right to be indicted by a grand jury.  I will ask |
| 18 | my law clerk to sign this, alongside Mr. Moskowitz' signature, |
| 19 | just to be our witness.  Thank you. |
| 20 | Mr. Mitrow, have you received a copy of the |
| 21 | information containing the charge against you? |
| 22 | THE DEFENDANT:  Yes, your Honor. |
| 23 | THE COURT:  Have you read it? |
| 24 | THE DEFENDANT:  I have, yes. |
| 25 | THE COURT:  Have you discussed it with your attorney? |

F1QSMITP

1          THE DEFENDANT:  Yes, I have, your Honor.

2          THE COURT:  Do you understand that you are charged in

3     Count One with filing a false tax return in violation of

4     26 U.S.C. 72061?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you understand that the maximum

7     possible penalty for this crime is three years imprisonment?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that the maximum fine

10    for this crime is the greatest of $250,000, twice the gross

11    pecuniary gain derived from the offense, or twice the gross

12    pecuniary loss to people other than you resulting from the

13    offense?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  If you plead guilty to this crime, you may

16    receive a term of one year supervised release.  Do you

17    understand that?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Supervised release means that you will be

20    subject to monitoring when you're released from prison.  There

21    are terms of supervised release with which you must comply.  If

22    you don't comply with them, you can be returned to prison

23    without a jury trial for all or part of the term of supervised

24    release imposed by the court.  Under those circumstances, you

25    would not be given any credit towards that term for the time

F1QSMITP

1    you served in prison or as a result of your sentence for this

2    crime, nor will you necessarily be given any credit towards

3    that term for any time you had spent on post-release

4    supervision.  Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  For pleading guilty to this crime, you

7    will be required to pay a mandatory $100 special assessment.

8    Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  For pleading guilty to this crime, you may

11   be required to pay restitution to any person or persons injured

12   as a result of your criminal conduct.  Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  For pleading guilty to this crime, you may

15   be compelled to forfeit any and all property constituting and

16   derived from proceeds obtained from your criminal conduct.  Do

17   you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  As Mr. Okula pointed out, you may also be

20   assigned to pay the costs of the prosecution.  Do you

21   understand that?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you also understand that if I accept

24   your guilty plea and adjudge you guilty, that may be deprive

25   you of valuable civil rights, such as the right to vote, the

F1QSMITP

1    right to hold public office, the right to serve on a jury, and

2    the right to possess any kind of firearm?

3                THE DEFENDANT:  Yes, your Honor.

4                THE COURT:  Are you a United States citizen?

5                THE DEFENDANT:  Yes, I am.

6                THE COURT:  Under current law, there are sentencing

7    guidelines as well as other factors set forth in the sentencing

8    statutes that a judge must consider in determining a sentence.

9    Do you understand that?

10               THE DEFENDANT:  Yes, your Honor.

11               THE COURT:  Have you spoken with your attorney about

12   the sentencing guidelines and those other factors?

13               THE DEFENDANT:  I have, your Honor.

14               THE COURT:  Do you understand that the court will not

15   be able to determine what the guideline range is that will form

16   a part of my determination of what a reasonable sentence would

17   be in your case until after a presentence report has been

18   prepared and until after you and your attorney and the

19   government's attorney have all had the chance to challenge any

20   of the facts reported in that report by the probation officer?

21               THE DEFENDANT:  Yes, your Honor.

22               THE COURT:  Do you understand that even though the

23   government has provided you with its current calculation of

24   your sentence under the sentencing guidelines, the plea

25   agreement, and even though the defense has stipulated to that

F1QSMITP

1    calculation, that range of between 10 and 16 months

2    imprisonment is not binding on the probation department and is

3    not binding on the court?

4                 THE DEFENDANT:  Yes, your Honor.

5                 THE COURT:  Do you understand that even after I have

6    determined what guideline range applies to your case, I have

7    the discretion under the current law to impose a sentence that

8    is higher or lower than the one suggested by the sentencing

9    guidelines?

10                THE DEFENDANT:  Yes, your Honor.

11                THE COURT:  Do you understand that if your attorney or

12   anyone else has attempted to predict what your sentence will

13   be, their prediction could be wrong.  No one, not your

14   attorney, not the government's attorney, no one can give you

15   any assurance of what your sentence will be, because I am going

16   to decide your sentence and I am not going to do that now and I

17   really cannot do that now.  Instead, I am going to wait until I

18   receive the presentence report prepared by the probation

19   department, I am going to wait until I receive the party's

20   sentencing submissions, I am going to review and study all of

21   those materials carefully, I am going to do my own independent

22   calculation how the sentencing guidelines apply to your case,

23   but most of all, I am going to determine what a reasonable

24   sentence is to you based on all of the factors that are set

25   forth in the sentencing statute, which is known as Section

F1QSMITP

1    3553(a).  Do you understand all of that?

2              THE DEFENDANT:  Yes, I do, your Honor.

3              THE COURT:  Have you discussed these issues and the

4    overall sentencing process with your attorney?

5              THE DEFENDANT:  I have, your Honor.

6              THE COURT:  Even if your sentence is different from

7    what you expect, even if it is different from what your

8    attorney or anyone else has told you it might be, even if it is

9    different from the guideline range that appears in your plea

10   agreement, you would still be bound by your guilty plea and you

11   would not be allowed to withdraw your plea of guilty.  Do you

12   understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Has anyone threatened you or anyone else

15   forced you in any way to plead guilty?

16             THE DEFENDANT:  No, your Honor.

17             THE COURT:  Counsel has handed up the plea agreement

18   in this case marked as Government Exhibit 1.  I note on the

19   back the photocopied signatures of Richard Tarlowe, the Chief

20   of Complex Frauds Crime Unit, and it must be Andrew Young,

21   Special Assistant United States attorney.  Are those the

22   signatures, Mr. Okula, of those people?

23             MR. OKULA:  Yes, your Honor.

24             THE COURT:  I notice as well that there are initials

25   that appear next to those names.  In nonphotocopied real ink,

F1QSMITP

1    are those your initials?

2              MR. OKULA:  They are indeed.  Based on my

3    understanding and my involvement in supervision of this matter

4    and my involvement in the approval of the plea agreement, so I

5    had preexisting knowledge that those signatures had been

6    affixed, your Honor.

7              THE COURT:  Very good.

8              Mr. Moskowitz, I see your photocopied signature from

9    January 14 and your initials which I take it were placed on

10   this today.  Is that, in fact, your signature and are those, in

11   fact, your initials?

12             MR. MOSKOWITZ:  Yes, your Honor.

13             THE COURT:  Mr. Mitrow, same question to you, I see

14   here your photocopied signature from January 13 and your

15   initials.  Are those, in fact, your signature and your

16   initials, the latter put on today?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Very good.  Did you read this agreement

19   before you signed it, Mr. Mitrow?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Did you discuss it with your attorney

22   before you signed it?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Did you believe that you understood the

25   agreement at the time that you signed it?

F1QSMITP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Did you willingly sign this agreement?

3              THE DEFENDANT:  I did, your Honor.

4              THE COURT:  Did anyone force you to sign it?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  Are there any agreements between the

7    parties apart from those that are set out in this agreement?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  Government counsel, would you kindly

10   please summarize the terms of the plea agreement?

11             MR. OKULA:  Yes, your Honor.  The points of the plea

12   agreement are as follows:

13             First, the defendant is agreeing to waive indictment

14   and is agreeing to the filing by the United States Attorney of

15   the superseding information that contains a single count

16   charging him with subscribing to a false tax return for the

17   2008 tax year.  In exchange, your Honor, the government is

18   agreeing that the defendant will not be further charged based

19   on the conduct that is set out in the third superseding

20   indictment.  By implication, the government is going to move to

21   dismiss the underlying charge at the time of sentencing.

22             There is also a series of additional agreements.

23             THE COURT:  I think that it is more than an

24   implication.

25             MR. OKULA:  Explicitly, your Honor.

F1QSMITP

1          THE COURT:  The government will move to dismiss any

2    open counts.

3          MR. OKULA:  Yes, your Honor.

4          The defendant is agreeing to pay restitution based on

5    the tax loss that is currently calculated in the amount of

6    $30,822.  There is an agreement, a stipulated guideline range

7    of level 12 and an attendant incarceration range of 10 to

8    16 months.  The parties are stipulating that that is the

9    applicable guidelines range.

10          The government is agreeing that it will not appeal any

11   sentence that the court may impose that is within or above that

12   stipulated range, and defendant is agreeing that he will not

13   appeal any sentence that is within or below the stipulated

14   guideline range.

15          The parties are agreeing that no departure, as

16   formally understood under the guidelines from the stipulated

17   range, is appropriate.  Nevertheless, both parties remain

18   unfettered to argue to the court the 3553(a) factors about

19   where within the statutory maximum the court should impose a

20   sentence.

21          There is one additional important provision, your

22   Honor; that is, there is a waiver of venue provision in the

23   agreement based on the tax charge that is contained in the

24   superseding information.

25          Those are the salient points of the agreement, your

F1QSMITP

1    Honor.

2              THE COURT:  Very good.  Thank you.  Very helpful.

3              Mr. Moskowitz, are you in agreement with the

4    government's summary of the salient terms?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Mr. Mitrow, did you hear and understand

7    Mr. Okula's summary of those terms?

8              THE DEFENDANT:  I do, your Honor.

9              THE COURT:  I am not going to review all of them.  I

10   have to highlight several of the terms of the agreement.  As

11   Mr. Okula stated, the parties have stipulated that the

12   guidelines here call for a term of imprisonment between 10 and

13   16 months.  Again, do you understand that that stipulation

14   binds the government and it binds you, but it doesn't bind me,

15   because I have to make my own independent calculation on how

16   the guidelines apply?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Do you also understand under this

19   agreement that you are giving up your right to ask within the

20   limited guidelines framework that I depart below the guideline

21   range that is calculated here, even though you're not giving up

22   your right to ask that I sentence you below that range based on

23   the broader set of factors that I can consider under

24   Section 3553(a)?

25             THE DEFENDANT:  Yes, your Honor.

F1QSMITP

| | |
|---|---|
| 1 | THE COURT:  Do you understand that as part of the plea |
| 2 | agreement, you have agreed to make restitution in the amount of |
| 3 | $30,822 to the IRS? |
| 4 | THE DEFENDANT:  Yes, your Honor. |
| 5 | THE COURT:  Do you also understand that under the |
| 6 | agreement, you have agreed to file accurate and personal tax |
| 7 | returns for the calendar years 2008 and 2009 and to do so two |
| 8 | weeks before the date of sentencing? |
| 9 | THE DEFENDANT:  Yes, your Honor. |
| 10 | THE COURT:  Do you understand as well under this |
| 11 | agreement that you have waived any change you might have to |
| 12 | venue in this district? |
| 13 | THE DEFENDANT:  Yes, your Honor. |
| 14 | THE COURT:  Finally, do you understand that under the |
| 15 | agreement, you are giving up your right to appeal or otherwise |
| 16 | challenge your sentence so long as I don't sentence you to more |
| 17 | than 16 months imprisonment? |
| 18 | THE DEFENDANT:  Yes, your Honor. |
| 19 | THE COURT:  Has anyone made any promise or done |
| 20 | anything other than what is contained in the plea agreement to |
| 21 | induce you to plead guilty? |
| 22 | THE DEFENDANT:  No, your Honor. |
| 23 | THE COURT:  Has anyone made a promise to you as to |
| 24 | what your sentence will be? |
| 25 | THE DEFENDANT:  No, your Honor. |

F1QSMITP

1          THE COURT:  You understand that the agreement doesn't

2    bind any federal, state, or local prosecuting agency, other

3    than the United States Attorney for this district, and with

4    respect to tax offenses, the Tax Division of the Department of

5    Justice?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you still wish to plead guilty pursuant

8    to this agreement?

9          THE DEFENDANT:  I do, your Honor.

10         THE COURT:  Having covered all that, Mr. Mitrow, I

11   would like you now to tell me in your own words what you did

12   that makes you believe you're guilty of the charge in the

13   information.

14         THE DEFENDANT:  In 2009, I filed a false tax return by

15   excluding approximately $90,000 in income.

16         THE COURT:  Did the return contain a written

17   declaration, that is, being made under penalty of perjury?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Did you know at the time that you

20   subscribed to and filed that tax return that it was not true

21   and correct as to a material matter, specifically as to your

22   income?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Did you know at the time that what you

25   were doing was wrong?

F1QSMITP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Did you know that you were committing a

3   crime?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Are you pleading guilty voluntarily and of

6   your own free will and because you are, in fact, guilty?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Does government counsel agree that there

9   is a sufficient factual predicate for a guilty plea?

10          MR. OKULA:  We do, indeed, your Honor.

11          THE COURT:  Does defense counsel?

12          MR. MOSKOWITZ:  Yes, your Honor.

13          THE COURT:  Does defense counsel know of any valid

14   defense that would prevail at trial or any reason why your

15   client should not be permitted to plead guilty?

16          MR. MOSKOWITZ:  No, your Honor.

17          THE COURT:  Can government counsel represent, had the

18   case gone to trial, it had sufficient evidence to establish a

19   conviction?

20          MR. OKULA:  Yes, your Honor.

21          THE COURT:  Mr. Mitrow, you acknowledging that you

22   are, in fact, guilty as charged in the information and because

23   I am satisfied you know your rights, including your right to go

24   to trial, because I am satisfied that you are aware of the

25   consequences of your plea, including the sentence which may be

F1QSMITP

1    imposed, because I find that you're voluntarily pleading

2    guilty, I accept your guilty plea and enter a judgment of

3    guilty to the one count of which you pled guilty.  This is

4    important.

5         The next is step in your case involves the sentencing

6    process.  I have earlier referred to a few times to the

7    presentence record.  The probation department is going to want

8    to interview you in connection with the presentence report that

9    it will prepare.  If you choose to speak with the probation

10   department, please make sure anything you say is truthful and

11   accurate.  I read those reports carefully.  They are often

12   quite important to me in determining what sentence to impose.

13        You and your counsel have a right to examine the

14   report and to comment on it at the time of sentencing.  I urge

15   you to read the report and discuss it with your attorney before

16   sentencing.  If there are any mistakes in it, please point them

17   out to your lawyer so he can bring them to my attention before

18   sentencing.

19        Will you agree to do that?

20        THE DEFENDANT:  Yes, your Honor.

21        THE COURT:  Mr. Moskowitz, I take it this is not a

22   case in which your client is seeking an expedited sentence?

23        MR. MOSKOWITZ:  That's correct, your Honor.

24        THE COURT:  One moment.

25        Counsel, how is Thursday, June 4?  Any problem with

F1QSMITP

1    that day?

2              MR. OKULA:  That is fine, your Honor.

3              MR. MOSKOWITZ:  Fine, Judge.

4              THE COURT:  How about June 4 at 11:00 a.m.?

5              MR. MOSKOWITZ:  That's fine, Judge.

6              THE COURT:  Defense submissions are due two weeks

7    before sentencing.  The government's submission is due one week

8    before.  On the Southern District website, you can find a

9    reprint of my procedures for filing sentencing submissions with

10   the clerk of the court, which are completely customary for the

11   district.

12             Mr. Moskowitz, you must arrange for your client to be

13   interviewed by the probation department within the next two

14   weeks.  Mr. Okula, the government must provide its case summary

15   to the probation department also within the next two weeks.

16             MR. OKULA:  Yes, your Honor.

17             THE COURT:  I take it the defendant remains out on

18   bail?

19             MR. OKULA:  Yes, your Honor.  We respectfully urge

20   that those conditions or that liberty continue.

21             THE COURT:  I am happy to do that.  I do, though, need

22   to give an admonition to Mr. Mitrow.

23             Mr. Mitrow, do you understand that all of the

24   conditions on which you have been released until now continue

25   to apply and that a violation of any of those conditions can

F1QSMITP

1    have serious consequences for you at the time of sentence?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  You must be in this courtroom for

4    sentencing at the time and date set or you will be guilty of a

5    separate crime called bail jumping and subject to a fine or

6    prison term in addition to whatever sentence you may receive

7    for the crime to which you have just pled guilty.  Do you

8    understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Thank you.  Anything further from the

11   government?

12             MR. OKULA:  Nothing, except thank you again for

13   allowing the substitution this morning, your Honor.

14             THE COURT:  Of course.  I thank you for being flexible

15   at the change of schedule.

16             Anything from the defense?

17             MR. MOSKOWITZ:  No, your Honor.  Thank you.

18             THE COURT:  Thank you.  We stand adjourned.

19                              o0o

20

21

22

23

24

25